UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEFFREY BENNETT,

       Plaintiff,

    -against-

NEW YORK CITY POLICE DEPARTMENT
TRANSIT DISTRICT 1; DETECTIVE
CHRISTOPHER WAKELY, BADGE NUMBER
13649; DETECTIVE GREG MAZUROSKI,
BADGE NUMBER 1746,

       Defendants.

---

JEFFREY BENNETT,

       Plaintiff,

    -against-

THE NEW YORK CITY DISTRICT ATTORNEY
OFFICE; SANDRA MUSUMECI,

       Defendants.

---

19-CV-0403 (CM)

19-CV-0876 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff Jeffrey Bennett brings these two actions *pro se*. These actions were filed with the Court on January 14, 2019, and January 29, 2019, respectively. By orders dated April 2, 2019, the Court granted Plaintiff's requests to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court consolidates these actions, and for the reasons set forth below, the Court dismisses Plaintiff's claims.

**STANDARD OF REVIEW**

  The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

In the action filed on January 14, 2019, Plaintiff alleges that he was falsely arrested on August 30, 2005. He alleges that he was incarcerated for 9 years and 10 months as a result of this arrest.

In the action filed on January 25, 2019, Plaintiff alleges that he was maliciously prosecuted in 2007 for the criminal charges stemming from his August 30, 2005 arrest. Plaintiff again alleges that he was incarcerated for 9 years and 10 months.

Plaintiff seeks unspecified damages.

## DISCUSSION

### A.    Malicious Prosecution

Because it appears that Plaintiff was convicted and because he does not allege that the conviction was reversed, expunged, or otherwise declared invalid, the Court must dismiss Plaintiff's § 1983 claims of false arrest and malicious prosecution. These claims are barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The United States Supreme Court has explained:

> that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the
> relief sought (damages or equitable relief), no matter the target of the prisoner's suit

> (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck*, 512 U.S. at 486-87 ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[.]").

Because success on Plaintiff's § 1983 claims of malicious prosecution would necessarily imply the invalidity of his conviction, and because Plaintiff has not alleged that his conviction was overturned or otherwise invalidated, *Heck*'s favorable termination rule bars these claims for money damages. *See Perez v. Cuomo*, No. 09-CV-1109 (SLT), 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009) ("Since plaintiff's conviction remains valid, plaintiff's claim for violation of his right to a fair trial is not cognizable under § 1983.") The Court must therefore dismiss Plaintiff's § 1983 claims of malicious prosecution. *See* 28 U.S.C. § 1915(e)(2)(b)(ii).

**B.     False Arrest**

Plaintiff's false arrest claims are also precluded under *Heck* because he indicates that he was convicted of the charges for which he arrested and his assertions would impugn his conviction. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citations omitted) (If a plaintiff "is ultimately convicted" and brings a "civil suit [that] would impugn that conviction, *Heck* will require dismissal. . . .). Plaintiff's false arrest claims are inconsistent with his conviction. A

plaintiff asserting a false arrest claim must show that he was arrested without probable cause.[1] A valid conviction generally forecloses a false arrest claim by serving as conclusive evidence of probable cause to arrest. *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 414 (2d Cir. 1999) (probable cause is a "complete defense" to false arrest claim); *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (probable cause is "complete defense" to false arrest claim and valid conviction is "conclusive evidence" of probable cause). Plaintiff's challenge to his arrest is foreclosed by his conviction. As Plaintiff's conviction has not been reversed on direct appeal or called into question by a federal court's granting of *habeas corpus*, any award of damages based on his claim of false arrest would impugn the validity of his conviction, and cannot proceed. *See Wallace*, 549 U.S. at 394. The Court also dismisses Plaintiff's false arrest claims. *See* 28 U.S.C. § 1915(e)(2)(b)(ii)

**C.    Timeliness**

Even if Plaintiff's claims were not barred by *Heck*, it appears that these claims would be time-barred. The statute of limitations for § 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a

---

[1] A claim for false arrest under § 1983 incorporates the elements of a false arrest claim under state law. *See Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003). To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement[,] and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

4

plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Plaintiff's claims accrued in 2005 and 2007 when he was arrested and subsequently prosecuted. Plaintiff's complaint alleging false arrest was received 14 years after his arrest, and his complaint alleging malicious prosecution was received 12 years after the prosecution.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. In addition, New York law provides that where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y. C.P.L.R. § 208; *Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall inability to function in society"). New York also provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.,* N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id.* at § 210 (death of plaintiff or defendant).

5

Plaintiff does not provide any facts suggesting that the statute of limitations should be equitably tolled in this case. Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to assign these matters to my docket, mail a copy of this order to Plaintiff, and note service on each docket. Plaintiff's complaints, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is further directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)..

SO ORDERED.

Dated: April 12, 2019
        New York, New York

                                        COLLEEN McMAHON
                                      Chief United States District Judge